UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES R. MCDANIEL, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ELY STATE PRISON, et. al.,<br><br>Defendants. | Case No. 3:16-cv-00259-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

### **I. BACKGROUND**

Plaintiff filed this action on May 18, 2016, and later filed a completed application to proceed in forma pauperis (IFP). (ECF Nos. 2, 2-1, 5.) On December 30, 2016, the court issued its screening order, allowing Plaintiff to proceed with a single Eighth Amendment deliberate indifference claim against Dr. Roberts, Manning and Trice, based on allegations that they knew he was trying to obtain medical help for a cataract, and Dr. Roberts refused to see him, and Manning and Trice purposely and falsely told medical Plaintiff refused to go to his appointments. (ECF No. 9.) The action was stayed while the matter was referred for an inmate early mediation conference. The mediation was held on March 14, 2017, but was unsuccessful. (ECF No. 19.)

Defendants filed their answer on June 2, 2017, and the court issued a scheduling order on June 5, 2017. (ECF Nos. 25, 26.) Defendants twice moved for and were granted extensions of time to file a dispositive motion. (ECF Nos. 28, 29, 30, 31.)

Defendants filed their motion for summary judgment on November 16, 2017. (ECF No. 32.) On November 17, 2017, District Judge Du issued a *Klingele* order advising Plaintiff of the

requirements for opposing a motion for summary judgment, and giving him twenty-one days to file his response. (ECF No. 37.)

Plaintiff did not file a response. On December 15, 2017, the undersigned issued an order giving Plaintiff an additional twenty days to file his response, making it due on or before January 4, 2018. Plaintiff still did not file a response.

As of the date of this order, the court has not had any communication from Plaintiff since May 4, 2017, when he filed a document concerning discovery he claimed to have served on Dr. Roberts. (ECF No. 23.)

On March 12, 2018, the court issued an order giving Plaintiff fourteen days to file and serve a notice of intent to prosecute this action, along with a response to Defendants' motion for summary judgment. He was advised a failure to do so would result in a recommendation that this action be dismissed with prejudice for failing to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 39.) That deadline has come and gone, and Plaintiff has not filed a notice of intent to prosecute or a response to Defendants' motion.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss a pro se plaintiff's action on this basis, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

///

1    Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). In addition, a rebuttable presumption of prejudice of defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citation omitted) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The presumption is warranted here given that Plaintiff has not had any contact with the court since May 4, 2017. Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

///
///
///
///
///
///
///
///
///

1      The parties should be aware of the following:

2      1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to
3      this Report and Recommendation within fourteen days of receipt. These objections should be titled
4      "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by
5      points and authorities for consideration by the district judge.

6      2. That this Report and Recommendation is not an appealable order and that any notice of
7      appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
8      until entry of judgment by the district court.

9      DATED: March 28, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE